RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 7 2015

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WBH

|  |  |
|---|---|
| ) | |
| ) | |
| ) | Case No. |
| KEN JOSEPH                          ) | |
| ) | **1: 15 - CV - 0596** |
|     Plaintiffs,              ) | |
|   v.                                    ) | |
| ) | |
| NATIONSTAR MORTGAGE, LLC;   ) | |
| McCALLA RAYMER, LLC &        ) | |
| ALBERTELLI LAW                   ) | |
| ) | |
|     Defendant,              ) | |

## COMPLAINT

Plaintiffs, KEN JOSEPH hereby sue Defendants, NATIONSTAR MORTGAGE,

LLC,  McCALLA RAYMER, LLC and ALBERTELLI LAW for violation of the

Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 *et seq.*and Fair

Credit Reporting Act ("FCRA") 15 U.S.C. § 1681s–2(b).

### PRELIMINARY STATEMENT

1. This is an action for damages brought against the Defendants NATIONSTAR

   MORTGAGE, McCALLA RAYMER, LLC, ALBERTELLI LAW and for

   damages for Damages for violations of the Fair Debt Collection Practices Act

(FDCPA) 15 U.S.C. §1692 *et seq*.; Fair Credit Reporting Act ("FCRA") 15

U.S.C. § 1681s–2(b) and for declaratory and injunctive relief.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k and 15 U.S.C. §
   1681p.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b. Venue in this
   District is also proper in that the nature and cause of these proceedings involves
   matters and disputes in controversy surrounding the subject property LOT 155,
   5TH DISTRICT, GWINNETT COUNTY, GEORGIA, AND BEING SHOWN
   AS LOT 6, BLOCK A, UNIT ONE, MIDDLETON SUBDIVISION, AS PER
   PLAT RECORDED IN THE PLAT BOOK 87, PAGE 62, GWINNETT
   COUNTY, GEORGIA RECORDS, commonly known as 596 Middleton place,
   Grayson, GA, 30017. ; and Plaintiff resides here, the Defendants transact
   business here, and the conduct complained of occurred here.

4. This is an action for damages which does not exceed $75,000.00.

## PARTIES

5. Plaintiffs, KEN JOSEPH is an adult natural person and is a consumer as defined
   by 15 U.S.C. §1692 a(3) and 15 U.S.C. § 1681a(c).

6. Plaintiffs' KEN JOSEPH ("Plaintiff") obligation due to a creditor other than Defendants arises from an alleged mortgage loan.

7. PLAINTIFF is a borrower who purportedly defaulted in repayment of his mortgage loan, resulting in US BANK initiating foreclosure proceedings on the real property which served as a collateral for the loan and US BANK purportedly derived its interest from an August 05, 2009 Security Deed executed in favor of by warranty deed.

8. NATIONSTAR MORTGAGE, LLC ("NATIONSTAR"), is a "debt collector" as defined by 15 U.S.C .§1692 a(6), and a limited liability company organized under the law of the State of Delaware with its principal place of business in the State of Texas located at 350 Highland Drive, Lewisville, Texas 75067.

9. Defendant, NATIONSTAR may be served by personal service upon its registered agent in the State of Georgia: 40 Technology parkway south, suite #300 Norcross, GA 30092 and is a "furnisher of information" as defined by 15U.S.C. § 1681s-2, a "user of information" as defined by 15 U.S.C § 1681m,

10. Defendant, McCALLA RAYMER, LLC ("MCCALLA"), is a "debt collector" as defined by 15 U.S.C.§1692 a(6) a limited liability Corporation, authorized to do business in Georgia.

11. Defendant, ALBERTELLI LAW ("ALBERTELLI"), is a "debt collector" as defined by 15 U.S.C.§1692 a(6) a limited liability Corporation, authorized to do business in Georgia.

12. NATIONSTAR, MCCALLA, ALBERTELLI (TOGETHER "DEFENDANTS") Were all involved in collecting a defaulted debt.

13. Each Defendant actively participated in the acts or omissions which are the subject of this suit and sought to benefit from the actions alleged in this complaint.

14. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

15. In or about January 10, 2007, Plaintiff executed a Note and Security Deed in favor of non-party BAYROCK MORTGAGE CORP., Lender in connection with the purchase of the Property.

16. Plaintiffs allegedly entered into a promissory Note ("Note") with the alleged original lender Bayrock Mortgage Corporation.

17. DEFENDANTS regularly collects, or attempts to collect debts owed or due, or asserted to be owed or due.

18. NATIONSTAR is a mortgage loan service and began servicing Plaintiff's mortgage after the alleged date of default.

19. DEFENDANTS are debt collector subject to provisions of the FDCPA because they acquired the debt in question after it became in default.

20. DEFENDANTS attempt to collect a debt on a mortgage loan initiated by Plaintiffs for their personal residence and family purpose.

21. In attempting to collect a debt allegedly due from Plaintiffs to a Creditor, DEFENDANTS communicated with the Plaintiffs in a way that violates the FDCPA.

22. The FDCPA broadly defines the word "debt" any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

23. That definition clearly encompasses the PLAINTIFF'S payment obligations under the promissory note at issue in this case.

*24.* Under that promissory note, the PLAINTIFF is a consumer who must pay money to the lenders, and who's obligation to do so arose from a transaction involving property that is primarily for the DEFENDANT and his personal,

family, or household purposes (they live on the property). The promissory note is a "debt" within the plain language of § 1692a(5). *See Lublin Bourff v. Rubin Lublin, LLC,—F.3d—, No. 10–14618, 2012 WL 971800, at \*2 (11th Cir. Mar.15, 2012.*

25. On or about June 16th, 2014 PLAINTIFF received two (2) letters from ALBERTELLI titled: "Your mortgage loan has been referred to our firm for foreclosure." and "Notice pursuant to debt collection practices acts 15 USC 1692."

26. The letter #1 state that: "Our client, Nationstar Mortgage LLC has referred your loan to us for foreclosure."

27. In the reverse side of this letter, it further states:
"Unless you notify us within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof , this office will: Obtain verification of the debt and mail you a copy of such verification. If you request this office in writing within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

28. The letter #2, which was also dated June 16, 2014 state that: This letter is to advise you that our office has been retained by Nationstar Mortgage LLC ("Servicer") to collect a debt secured by the above referenced property, which may include facilitating foreclosure proceedings.

29.  The letter #2 also included the Mini Miranda as Letter #2 and was Signed by
     James Albertelli.

30.  On or about June 30th, 2014, PLAINTIFF timely mailed, via Certified
     Receipt# 7014 0150 0001 2501 3943, a request for validation to ALBERTELLI.

31.  PLAINTIFF received an automatic reply of confirmation, via Certified mail
     from ALBERTELLI stating that: We are in receipt of your debt validation letter
     dated June 30th, 2014 with certified Receipt# 7014 0150 0001 2501 3943
     however, the debt was never validated/ verified.  No further correspondents was
     received from ALBERTELLI.

32.  PLAINTIFF assumption was that notice received from ALBERTELLI  was in
     error when no validation was received after 30days.

33. On or about December 16, 2014, PLAINTIFF received a letter from
     MCCALLA titled: YOUR MORTGAGE LOAN HAVE BEEN REFERRED
     TO OUR FIRM FOR FORECLOSURE.

34.  This letter fail to cite my right as the consumer under the FDCPA.

35. ALBERTELLI did not response to my request for validation, instead forward
     the debt for further collection is a violation under the FDCPA 15 U.S.C.
     §1692g(b) .

36. MCCALA violated the FDCPA by not providing validation notice within 5 days of the initial communication as required under the FDCPA.

37. On or about January 20th, 2015, Plaintiffs receive a letter Titled "NOTICE OF FORECLOSURE SALE" in the mail address from MCCALLA RAYMER, LLC.

38. The Notice of Sale Under Power fails to recite who is the holder and owner of the Note, there being only a general reference to "the holder", and also fails to recite any particulars as to any alleged assignment of the Security Deed from non-party BAYROCK MORTGAGE CORP., Lender.

39. Counsel for NATIONSTAR made reference to a letter sent on January 16th, 2015 ("Initial Communication Letter") and states: We notified you that the above referenced loan has been referred to this firm for handling. That letter also advised you of certain rights (the "Borrower Rights" which include your right to validate the debt). However, such letter was never received by Plaintiff, which is a breached of contract and violation of the federal and GA law.

40. In the bottom of the notice it states that:

"This letter is an attempt to collect a debt and any information obtain by virtue of it will be used for that purpose."

41. This statement is clear indication that MCCALLA is attempting to collect a debt, at least to the least sophisticated consumer

42. Plaintiff was not afford a notice of acceleration and opportunity to cure as

required by contract and federal law.

43. Section 22 of the Mortgage state that:

> Lender shall give notice to Borrower prior to acceleration following
> Borrower's breach of any covenant or agreement in this Security
> Instrument (but not prior to acceleration under Section18 unless
> Applicable Law provides otherwise). The notice shall specify: (a) the
> default; (b) the action required to cure the default; (c) a date, not less than
> 30 days from the date the notice is given to Borrower, by which the
> default must be cured; an (d) that failure to cure the default on or before
> the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice
> shall further inform Borrower of the right to reinstate after acceleration
> and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale."

44. This is a condition precedent that have to be met by the lender prior to starting

the foreclosure process.

45. MCCALLA in their letter state: "Pursuant to O.C.G.A. Section 44-14-162.2,

the entity who has full authority to discuss, negotiate, or change all terms of the

mortgage with you concerning the foreclosure alternatives is Nationstar

Mortgage, LLC."

46. The notice further states that "A failure to comply with the terms of your Loan

with U.S. Bank, National Association, as Trustee for The Holders of The

Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-

Backed Certificates, Series 2007-AB1 has created a default.

47. The Defendants has not complied with section 22 of the mortgage and the Plaintiffs have not been given the opportunity to cure said default. Therefore, the Plaintiffs cannot proceed with said foreclosure until all conditions precedent is met.

48. NATIONSTAR also has not proven the it does not have firsthand knowledge information, servicing right or right to even to collect any money from the Plaintiffs.

49. The package dated February 23, 2015 which was a reply to my debt dispute/ validation request included nothing more than a copy of the security deed and the note from the county recorders office. It includes an alleged no Detail Transaction History of payment or anything .

50. The Plaintiffs dispute letter request a detail from inception of the note.

51. DEFENDANT's statements and accounting records does not match the PLAINTIFF's

52. Plaintiffs was also charged illegal foreclosure Attorney's cost and fees three other separate times, which constitute a violation of the Fair Debt Collection Practices ACT (FDCPA) .

OCGA§44-14-162.2. was an amended Act for procedure for foreclosures in Georgia.

"Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the **secured creditor**. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument."

53. NATIONSTAR of the Defendants has not legally proven that they are the

creditor, secured creditor/note holder in due course and thereby advertised the

sale to auction of Plaintiffs' home.

54. One of the basic tenets of FDCPA is that collectors must validate the debt and

creditors must verify (not validate) their standing as "creditors." The

Defendants steadfastly refused to verify their standing as "creditors", and as

such forfeit their standing as "creditors" to any alleged debt owed by the

Plaintiffs.

55. MCCALA RAYMER send Packets of information that include nothing  more

than a copy of the security deed and note I've already obtained from the county

recorder's office and do not constitute validation pursuant to the statute.

56. The letter that was included in the packet state that: "This letter is written in response to the correspondence in which you disputed the debt for the above referenced account and shall serve as confirmation that the amount demanded is what the creditor is claiming is owed."

57. Validation of a debt is more than a mere statement that "The account shall serve as a confirmation that the amount demanded is what the creditor is claiming is owed.

58. Debt collectors must address the issues to ensure their compliance management system are updated to meet verification standard and otherwise comply with section 1692g(b).

59. Even if the Defendants have the right to foreclose, they must first meet all condition precedent in order to commence the foreclosure process. Complying with states and federal statutes as well as the mortgage agreement such as Section 22, which provided that the lender was required to give notice to the borrower before acceleration and that the notice must specify the default, the action required to cure the default, and a date final for cure of the default. The notice must also inform the borrower that the failure to cure the default before the specified date could result in acceleration or foreclosure.

60. In addition, Section 22 provided that the notice must inform the borrower of the right to reinstate the mortgage after acceleration and the right to assert the nonexistence of default or any other defense in a subsequent foreclosure proceeding.

## FAIR CREDIT REPORT (FCRA)

61. PLAINTIFF obtained his consumer credit reports from all three of the major consumer credit reporting agencies in on or around October , 2014 and found entries by entities that was inaccurate.

62. PLAINTIFF file a dispute with the consumer reporting agency in August 7th, 2014 and invoked his private right of action to assert claims against NATIONSTAR under 15 U.S.C § 1681s-2(b)

63. Since September, 2014 NATIONSTAR continuously reported information which it knew or should have known to be false and inaccurate to transunion and Experian in violation of the FCRA 15 U.S.C §1681s-2(b).

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)., 15 U.S.C. §1692 BY DEFENDANT NATIONSTAR, MCCALLA RAYMER AND ALBERTELLI

64. Paragraphs 1 through 59 are re-alleged as though fully set forth herein.

65. PLAINTIFF is a consumer within the meaning of the Act (FDCPA), 15 U.S.C. §1692a(3).

66. DEFENDANTS are debt collectors within the meaning of the Act (FDCPA), 15 U.S.C. §1692a(6).

67. Defendants in their notices sent to Plaintiffs admitted that they are debt collectors and assert that: "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." They also obtained the alleged loan while in default and therefore subject to the rules of THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §§ 1692-1692p.

68. DEFENDANTS in their letter threatening foreclosure while also offering to discuss "foreclosure alternatives" qualified as a communication related to debt collection activity within the meaning of (FDCPA), 15 U.S.C § 1692e.

69. NATIONSTAR and ALBERTELLI violated (FDCPA), 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt in their letter sent to PLAINTIFF in attempting to collect a debt ($234,537.87).

70. DEFENDANTS violated (FDCPA), 15 U.S.C. §1692e(5) by threatening to foreclose on PLAINTIFF home when they have not meet the condition precedent and therefore cannot foreclose legally.

71. DEFENDANTS MCCALLA and NATIONSTAR violated (FDCPA), 15 U.S.C. §1692g by for failure to send the PLAINTIFF a 30-day validation notice within five days of the initial communication.

72. DEFENDANTS violated (FDCPA), 15 U.S.C. §1692a(2) when they failed to named the secure creditor whom the debt is owed to.

73. DEFENDANTS violated (FDCPA), 15 U.S.C. §1692g(b) when they fail to cease collection efforts until the debt is validated.

74. **WHEREFORE,** Plaintiffs demands judgment for damages against NATIONSTAR, MCCALLA and ALBERTELLI, for:

   a. Actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k;

   b. That the Court orders a Temporary and Permanent Injunction precluding the foreclosure sale of the property or any other disposition of the subject property;

   c. That the Defendants be required to each pay damages to the Plaintiffs for the violations of the Fair Debt Collection Act;

    d.  such other relief as may be just.

## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA)., 15 U.S.C. §1681, BY DEFENDANT NATIONSTAR

75. Paragraphs 1 through 68 are re-alleged as though fully set forth herein.

76. PLAINTIFF is a consumer within the meaning of the Act (FCRA), 15 U.S.C.

$1681a(c)

77. DEFENDANT CREDIT REPORT is a consumer report within the (FCRA) 15

U.S.C. §1681a(d)

78. DEFENDANTS are debt collectors within the meaning of the Act (FCRA), 15

U.S.C. §1692a(6).

79. PLAINTIFF after pulling his credit report found inaccurate balance being

reported.

80. PLAINTIFF file a dispute with the consumer reporting agency in August 7th,

2014 and invoked his private right of action to assert claims against

NATIONSTAR under 15 U.S.C § 1681s-2(b)

81. Since September, 2014 NATIONSTAR continuously reported information

which it knew or should have known to be false and inaccurate to transunion

and Experian in violation of the FCRA 15 U.S.C §1681s-2(b).

82. NATIONSTAR committed 5 separate violation of FCRA 15 U.S.C §1681s-2(b).

83. At no time has NATIONSTAR ever provided any valid justification they may have had for reporting false information to the credit reporting agencies. NATIONSTAR had a duty to properly ascertain account was accurate before reporting such information to the credit reporting agencies. NATIONSTAR breached said duty. and therefore PLAINTIFF is entitled to damages for breach of said duty.

84. Plaintiff made multiple attempts to dispute and provided ample opportunity for NATIONSTAR to correct their accounting.

**WHEREFORE,** Plaintiffs demands judgment for damages against NATIONSTAR, MCCALLA and ALBERTELLI, for:

a. Actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n;

b. That the Court orders a Temporary and Permanent Injunction precluding the foreclosure sale of the property or any other disposition of the subject property;

c. That the Defendants be required to each pay damages to the Plaintiffs for the violations of the Fair Debt Collection Act;

d. such other relief as may be just.

## DEMAND FOR JURY TRIAL

**Plaintiffs' hereby demands a trial by jury of all issues so triable as a matter of law.**

Dated: February 27th, 2015

Respectfully submitted,

Ken Joseph
596 Middleton Place,
Grayson, GA 30017
443-831-8884
Sem252525@aol.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above will be sent by first class mail USPS to counsel of record listed below for Defendants.

The Law office
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA
30076

NATIONSTAR MORTGAGE, LLC
350 Highland Drive
Lewisville, TX 75067

Dated:  February 27, 2015

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

## VERIFICATION

I, Ken Joseph, have read the foregoing complaint and examined any appendices

referenced therein.  The facts stated in the complaint are true.  The appendices are

true and fair copies of the recited instruments.

Ken Joseph                                    3-27-15
                                              date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn

under oath this 27th day of Feb, 2015.

Notary

My commission expires: Aug 19th, 2017                    seal

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S CLAIM

I, KEN Joseph                        , do swear and affirm that I
have not received a notice of default and opportunity to cure from the lender
associated with my mortgage located at 596 middleton Place Grayson , GA
30017.

Ken Joseph
596 Middleton place
Grayson, GA 30017

The Person above, who proved to me on the basis of satisfactory evidence to
be the person whose name is subscribed to this document and acknowledged
to me that he/she executed the same in his authorized capacity and that by
his signature on this instrument who is the person who executed this
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
Georgia that the foregoing paragraph is true and correct.

Witness my hand and official seal.

NOTARY PUBLIC                                        Notary Seal