FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 2 2015

JAMES N. HATTEN, Clerk

By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| | ) |
| | ) |
| | )  **Case No.: 1:15-CV-0596-WBH** |
| **KEN JOSEPH** | ) |
| Petitioner, | ) |
| v. | ) |
| | ) |
| **NATIONSTAR MORTGAGE, LLC;** | ) |
| **McCALLA RAYMER, LLC &** | ) |
| **ALBERTELLI LAW** | ) |
| Defendants, | ) |

## MOTION FOR RECONSIDERATION

COME NOW Ken Joseph ("Petitioner"), to file in this court of record the

following brief in support of MOTION FOR RECONSIDERATION.

## I.   STATEMENT OF FACTS

1. Petitioner before this court brought an action for damages against the

   Defendants MCCURDY & CANDLER, LLC ("MCCURDY & CANDLER")

   AND U.S. BANK NATIONAL ASSOCIATION ("US BANK") for damages

   for violations of the Truth in Lending Act (TILA) 15 U.S.C. §1641[1] *et seq*.;

---

[1] Plaintiff's violations of the Truth in Lending Act (TILA) was under 15 U.S.C. §1641 *et seq*.
However, the Magistrate Judge's final order on page 4 states that Plaintiff's violations of the
Truth in Lending Act (TILA) was under 15 U.S.C. §"**1601**" *et seq*.

Damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for declaratory and injunctive relief on December 13th, 2013.

2. PETITIONER was ordered by the Court to amend his complaint to address deficiencies.  After Petitioner filed his amended complaint, he was allowed to proceed with his TILA claim asserted against US BANK and his FDCPA claim asserted against MCCURDY & CANDLER based on the notice it sent to Petitioner on November 12, 2013 be allowed to proceed.

3. All remaining claims asserted against NATIONSTAR were DISMISSED WITHOUT PREJUDICE.

4. On September 18th, 2014, PETITIONER'S FDCPA complaint against McCurdy &Candler and TILA claim against U.S. Bank was dismissed with prejudice.

5. On February 16, 2014, PETITIONER received a letter from ALBERTELLI LAW ("ALBERTELLY") in attempting to collect a debt and to foreclose on his property.

6. On February 27, 2015, PETITIONER received a letter from NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") via McCALLA RAYMER, LLC

("McCALLA") in attempting to collect a debt and to foreclose on his property.

7. PETITIONER found numerous violations against him stemming from these notices.

8. PETITIONER filed a lawsuit against NATIONSTAR MORTGAGE, LLC, McCALLA RAYMER, LLC and ALBERTELLI LAW for violation of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 *et seq*. and Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681s–2(b).

9. PETITIONER, whom was proceeding *pro se* was granted leave to proceed in forma pauperis in this second action.

10. The matter before the Court was determined for frivolity pursuant to 28 U.S.C. § 1915(e)(2).

11. The Court is required to review and dismiss any pro se complaint filed in forma pauperis if the court determines that the action: (1) frivolous, malicious or fails to state a claim on which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.

12. A claim is frivolous "where it lacks an arguable basis either in law or in fact."

13. The Court determined that PETIIONER'S actions were to challenge his home.

14. On March 2nd, 2015 His second action was found to be barred under the doctrine of res judicata  and therefore dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2).

## DISCUSSION

15. Reconsideration will be granted on motion of the requesting party, only when it appears that the Court overlooked a material fact in the record, a statute or a decision which is controlling as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority. "Rule 37(e). Appellant shows below that the Court erroneously construed a provision of law and overlooked a factual assertion of Appellee.

16. Generally speaking, the long-established doctrine of res judicata should prevent a claim from being re-tried in a workers' compensation setting.

17. This is set forth within the Code and within case law, that when court of competent jurisdiction issues judgment, it shall be conclusive between the parties as to all matters that were heard, unless it is reversed or set-aside.

*See* Fishten v. Campbell Coal Co., 95 Ga. App. 410, 98 S.E.2d 179 (1957) and O.C.G.A. § 9-12-40.

18.  In order to successfully assert a res judicata defense, we must show three things:  (1) that the identities of the parties in the second trial are the same;(2) that the cause of action is the same and that (3); there was already adjudication by a court of competent jurisdiction.  Firestone Tire & Rubber v. Pinyan, 155 Ga. App. 343, 270 S.E.2d 883 (1980).

19.  The requirement for res Judicata are:

    a.  A final judgment on the merits;

    b.  Identity of parties; an

    c.  Identity of claim

20. PETIONER did not appeal the decision of the first case, subsequently the judgment was final.

21.   All parties in this instant case are different except for NATIONSTAR. However, NATIONSTAR was dismissed without prejudice and therefore a second action under FDCPA would not have been bared under the doctrine of res judicata.

22. Furthermore, the first complaint was stemmed from a previous violation from a notice sent on November 12, 2013.

23.  In fact, all of the violations (FDCPA & TILA) were primarily stemmed from the earlier notice sent on November12, 2013 and therefore could not be bared under the doctrine of res judicata.

24. The claims (FDCPA & FCRA) being brought in this instant case have to do with the defendant's violation that stemmed from a separate notice sent on February 27, 2015.

25. Another word, PETITIONER could not have been trying to take another bite of the apple when the violations are stemmed from two separate notices sent two separate times as an attempt to collect a debt and foreclose on his home.

## CONCLUSION

26. Because the Opinion overlooks Petitioner's factual representation, and because the Opinion misconstrues the applicable statute, Petitioner respectively requests that this Court reconsider its Opinion/ Order.

Dated: March 12, 2015

Respectfully submitted,

Ken Joseph
596 Middleton Place,
Grayson, GA 30017
443-831-8884
Sem252525@aol.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the document above will be sent by first class mail USPS to counsel of record listed below for Defendants.

McCALLA RAYMER, LLC
1544 Old Alabama road
Roswell, GA 30076

NATIONSTAR MORTGAGE, LLC
c/o
CORPORATION SERVICE COMPANY
40 Technology Parkway south, suite 300
Norcross, GA 30092

Albertelli Law
100 Galleria parkway, suite 960
Atlanta, Georgia 30339

Dated:  March 12, 2015

_____
Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com