[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11383
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00596-WBH

KEN JOSEPH,

           Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
MCCALLA RAYMER, LLC,
ALBERTELLI LAW,

           Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 28, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This is the second lawsuit Ken Joseph has filed in an attempt to stave off a non-judicial foreclosure. The first case was brought *pro se* against Nationstar Mortgage, LLC, U.S. Bank National Association and McCurdy Candler. *Joseph v. Nationstar Mortgage, LLC, et al.*, No. 1:13-cv-4122 (N.D. Ga.) ("*Joseph I*"). Adopting the Magistrate Judge's recommendation, the District Court dismissed the Real Estate Settlement Procedures Act and Fair Debt Collection Practices Act (FDCPA) claims against Nationwide without prejudice[1] and allowed the Truth in Lending Act claim against U.S. Bank and the FDCPA claim against McCurdy Candler to proceed. Order, February 25, 2014.[2]

On March 2, 2015, Joseph, proceeding *pro se*, brought the present action against Nationstar, McCalla Raymer, LLC, and Albertelli Law, asserting claims under the FDCPA and the Fair Credit Reporting Act. The District Court granted Joseph's application to proceed *in forma pauperis* and pursuant to 28 U.S.C. § 1915(e) dismissed the claims with prejudice on the ground of *res judicata*. Joseph appeals, arguing that McCalla Raymer and Albertelli Law were not parties in *Joseph I*, and thus his claims against them are not barred by *res judicata*. And the claims against Nationstar were dismissed without prejudice, meaning that he could bring suit on them again. We agree.

---

[1] The claims were brought under the Real Estate Settlement Procedures Act and Fair Debt Collection Practices Act

[2] The District Court subsequently entered judgment against Joseph on the claims against those two defendants.

For *res judicata* to apply, there must have been: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) between the identical parties, or their privities; and (4) the causes of action involved in both cases were the same. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). McCalla Raymer and Albertelli Law were neither parties nor privy to parties in *Joseph I*. The claims against Nationwide could not be barred by *res judicata* because they were dismissed without prejudice.

The judgment of the District Court is vacated and the case is remanded for further proceedings.

VACATED and REMANDED.[3]

---

[3] Nationwide argues that the dismissal of Joseph's claims was warranted because his complaint is a shotgun pleading. Appellees Br. at 8-9 (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008)). The complaint is a shotgun pleading, but we do not consider Nationwide's argument because it was not presented to the District Court.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 28, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-11383-EE
Case Style: Ken Joseph v. Nationstar Mortgage, LLC, et al
District Court Docket No: 1:15-cv-00596-WBH

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Sandra Brasselmon, EE at (404) 335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion